IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANTON T. STORY, | ) |
| Petitioner, | ) |
| VS. | ) See Civil Action No. 99-2012 |
| WARDEN WILLIE SCOTT, | ) |
| Respondent. | ) |

O R D E R

AND NOW, this 30th day of September, 2014, upon consideration of Petitioner's "Motion for Leave to Amend Original Habeas Corpus Pursuant to 28 U.S.C. 2254, and Federal Rules of Civil Procedure 60(b)(6),(d)/ Rules 15(c)(1)(b)(2)" (Doc. No. 43), filed in the above captioned matter on November 1, 2013, and upon further consideration of the Commonwealth's response to said motion, and Petitioner's reply thereto,

IT IS HEREBY ORDERED that said Motion is DISMISSED.

I. **PROCEDURAL HISTORY**

The Court sets forth only those facts necessary to its adjudication of this motion, as this case involves a lengthy and undisputed procedural history that is comprehensively set forth in the parties' briefs. See (Doc. Nos. 43, 48).

State Court Proceedings

On March 29, 1975, a jury sitting in the Allegheny County Court of Common Pleas convicted Petitioner of First Degree Murder and Criminal Conspiracy and sentenced him to the death penalty. On May 7, 1976, Petitioner was sentenced to death for his First Degree murder

1

conviction and received no further penalty for his conspiracy conviction. Petitioner appealed his conviction and sentence, and on January 26, 1978, the Supreme Court of Pennsylvania reversed and remanded for a new trial after finding that the trial court's error in admitting certain evidence was not harmless.

After a series of pretrial issues were resolved,[1] Petitioner was retried on October 22, 1979. On October 26, 1979, a jury found him guilty of First Degree Murder and sentenced him to death. After the trial court denied his post sentencing motions, Petitioner appealed to the Supreme Court of Pennsylvania.[2] On December 28, 1981, the Court affirmed his conviction, but vacated his death sentence and imposed a term of life imprisonment.

Between October 14, 1983 and March of 1994, Petitioner attempted to pursue relief in state court pursuant to the Post Conviction Relief Act ("PCRA"), and his petition ultimately was denied by the trial court on March 27, 1994 after an evidentiary hearing was held.[3] Petitioner

---

[1] After the case was remanded, a dispute arose as to whether the Double Jeopardy Clause barred Petitioner's retrial. On December 29, 1978, the Supreme Court of Pennsylvania affirmed the trial court's order denying Petitioner's request to quash the indictment on the grounds of double jeopardy. The Commonwealth subsequently provided pretrial notice that it would seek the death penalty under the new death penalty statute enacted on September 13, 1978, because the death penalty statute that Petitioner was sentenced under was declared unconstitutional in Commonwealth v. Moody, 382 A.2d 332 (1977) on November 30, 1977. Petitioner objected and filed a petition to preclude the Commonwealth from seeking the death penalty under the newly enacted statute, but his request for relief was denied by the trial court on April 24, 1979, and his request for permission to appeal was denied by the Supreme Court of Pennsylvania on June 7, 1979.

[2] Included in Petitioner's claims on appeal to the Pennsylvania Supreme Court was the contention that his rights were violated because he was tried before a death qualified jury. See (Doc. No. 48 at 8).

[3] Included in his PCRA petition was the argument that his rights had been violated because he was tried before a death qualified jury. See (Doc. No. 48 at 14).

appealed[4] the trial court's denial of his petition to the Superior Court of Pennsylvania, and on April 5, 1995, the Superior Court affirmed the judgment of the trial court.

On May 9, 2007, Petitioner filed a pro se Motion for Post Conviction Collateral Relief in the Allegheny County Court of Common Pleas. On April 16, 2012, through counsel, he filed an Amended Petition for Habeas Corpus Relief Pursuant to Article 1, Section 14 of the Pennsylvania Constitution and for Statutory Post-Conviction Relief under the Post Conviction Relief Act. Petitioner filed a pro se Amended Petition on April 19, 2012, and on September 19, 2012, Judge Sasinoski dismissed the petition. Petitioner subsequently filed a pro se Motion for Post Conviction Collateral Relief in the Court of Common Pleas seeking reinstatement of his appellate rights as to the September 19, 2012 dismissal of his PCRA petition, which Judge Sasinoski granted on January 24, 2013. Petitioner's appeal is currently docketed in the Superior Court of Pennsylvania at No. 314 WDA 2013.

## Federal Court Proceedings

Sometime between December 4, 1991 and February 12, 1992,[5] while his PCRA petition was pending in state court, Petitioner filed his first pro se Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Pennsylvania, docketed at Civil Action No. 92-0281. Petitioner claimed, among other things, that his constitutional rights had been violated because he was tried before a death qualified jury. On August 14, 1992, Magistrate Judge Sensenich issued a Report and Recommendation ("R&R") that recommended the petition be dismissed because Petitioner had raised both exhausted and unexhausted claims. On

---

[4] In his petition before the Superior Court, Petitioner also argued that his right to an impartial jury was violated because he was tried before a death qualified jury. See (Doc. No. 48 at 16).

[5] The record before this Court contains conflicting dates as to when Petitioner filed his first habeas petition.

3

September 6, 1992, District Judge McCune issued an Order that dismissed the petition, denied the request for probable cause, and adopted the Magistrate's R&R as the Opinion of the court.

Petitioner appealed and on May 28, 1993, the Third Circuit granted a certificate of probable cause and appointed Michael Bartko of the Federal Public Defender's Office to represent him.[6] On May 27, 1994, the Circuit reversed the District Court's dismissal of his petition and remanded the case for consideration on the merits because of inordinate delay in state court.[7]

Following remand, Petitioner, through attorney Bartko, filed an Amended Petition for Writ of Habeas Corpus, arguing, among other things, that his rights had been violated because he was tried before a death qualified jury. On February 7, 1997, Magistrate Judge Sensenich denied Petitioner's request for an evidentiary hearing, and issued a R&R recommending that the petition be denied but that a certificate of appealability be granted as to the death qualified jury claim.[8] On March 31, 1997, this Court adopted the Magistrate's R&R as the Opinion of the Court, denied the petition, and granted a certificate of appealability as to the issue of whether Petitioner had been denied the right to a fair trial because he was tried before a death qualified jury. Petitioner had until April 30, 1997, to file a timely notice of appeal.

On June 2, 1997, attorney Shelley Stark from the Federal Public Defender's office filed a motion for an extension of time to file a notice of appeal.[9] On June 24, 1997, she filed an

---

[6] Before the Third Circuit, Petitioner submitted the claim regarding whether his rights were violated because he was put to trial before a death qualified jury.

[7] Petitioner subsequently sought rehearing en banc in front of the Circuit and also filed a Petition for Writ of Certiorari in the Supreme Court, to no avail.

[8] This Court affirmed the denial of the request for a hearing on March 12, 1997.

[9] Petitioner asserts that on March 26, 1997, his attorney, Michael Bartko, received notice that he was being terminated from the Office of the Federal Public Defender effective April 23,

amended motion for an extension of time to file an appeal, or in the alternative, to vacate this Court's Order under Fed. R. Civ. P. 60. On July 28, 1997, this Court denied Petitioner's amended motion as untimely and Petitioner subsequently appealed to the Third Circuit, to no avail.[10]

On November 9, 1999, Petitioner filed another pro se Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of Georgia that was transferred to the United States District Court for the Western District of Pennsylvania on December 1, 1999. This petition was docketed at Civil Action No. 99-2012 and raised two issues: (i) whether Petitioner's rights were violated because he was tried before a death qualified jury; and (ii) whether Michael Bartko, his court appointed appellate attorney, provided ineffective assistance of counsel by failing to file a timely appeal on his behalf after this Court denied his original habeas petition on March 31, 1997, at Civil Action No. 92-281. See (Doc. No. 48 at 22). On January 31, 2000, this Court issued an Order transferring the petition to the Third Circuit to be considered as an application to file a successive petition.

The Circuit granted Petitioner's request to file a successive petition and his case was transferred back to this Court at Civil Action No. 99-2012. On September 19, 2002, this Court issued an Order adopting the Magistrate's R&R as the Opinion of the Court and dismissing his

---

1997. See (Doc. No. 43 at 5). According to Petitioner, he had informed his attorney that he wanted to appeal and his attorney confirmed that he would file the appeal, however, Petitioner claims that after Bartko received notice of his termination, he failed to file the appeal and failed to inform anyone at the office that an appeal needed to be filed. Petitioner, still unaware of his attorney's termination, wrote Bartko a letter on May 29, 1997, inquiring about the status of his case. The Federal Public Defender's office received the letter on June 2, 1997, and realized that an appeal had never been filed.

[10]    After dismissing his appeal on November 7, 1997, and summarily affirming the Court's Order, the Third Circuit subsequently granted the petition for rehearing en banc, but issued an order on December 22, 1998, summarily affirming the District Court's Order once again. The United States Supreme Court denied the Petition for Writ of Certiorari on June 21, 1999.

petition. Specifically, Petitioner's death qualified jury claim[11] was dismissed as successive pursuant to 28 U.S.C. § 2244(b)(1) because this Court had already addressed that claim on the merits following the remand of Plaintiff's first habeas petition and had denied it on March 31, 1997 at Civil Action 92-281. In dismissing Petitioner's claim as successive, the Court noted that

> even if this Court were to consider the petition on its merits, said petition would fail for substantive reasons as recent case law has clarified that use of a death qualified jury does not violate a defendant's Sixth Amendment right to an impartial jury or the right to due process.

Memorandum Order of Court dated September 19, 2002, fn.1 Petitioner took an appeal from the Court's September 19, 2002 Order, and on June 20, 2003, the Third Circuit denied Petitioner's pro se request for a certificate of appealability.[12] On February 23, 2004, the United States Supreme Court denied his petition for a writ of certiorari.

On June 1, 2012, Petitioner filed an emergency petition requesting reactivation of his case before the Third Circuit (Civil Action No. 02-3928). The petition was denied on July 2, 2012. On August 16, 2012, Petitioner filed a pro se application for leave to file a successive petition in the Third Circuit, which was denied on October 9, 2012.[13]

On November 1, 2013, Petitioner filed the present petition seeking leave to amend his original habeas corpus petition pursuant to 28 U.S.C. § 2254, and the Federal Rules of Civil Procedure 60(b)(6) and 15(c)(1)(b)(2). In his petition, he challenges this Court's July 28, 1997 Order denying his counsel's request for an extension of time to file the notice of appeal, or in the alternative, to vacate its order under Rule 60, and he once again raises the issue of whether his rights were violated because he was tried before a death qualified jury.

---

[11] Petitioner's ineffective assistance claim was dismissed pursuant to 28 U.S.C. § 2254(i).

[12] The Circuit subsequently denied his pro se petition for rehearing en banc.

[13] The petition for rehearing en banc was denied on November 8, 2012.

## II. **DISCUSSION**

For the following reasons, the Court finds that it lacks jurisdiction to entertain this petition because it constitutes a successive petition under 28 U.S.C. 2255 and was filed without the necessary authorization from the Third Circuit. Accordingly, the petition must be dismissed. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As an initial matter, the Court notes that Petitioner cannot rely on Fed. R. Civ. P. 15(c) as a vehicle to raise his arguments, because Rule 15(c) no longer applies once the Court has adjudicated the motion and entered final judgment; at that point, only Rules 59(e)[14] and 60(b) authorize the Court to reopen the judgment. See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) ("Although Rule 15 vests the District Court with considerable discretion to permit amendment "freely ... when justice so requires," Fed. R. Civ. P. 15(a), the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments.").

Moreover, although a motion seeking to amend a complaint after the entry of final judgment may be construed as a Rule 60(b) motion, see Ahmed, supra, the United States Supreme Court has held that a Rule 60(b) motion should be construed as a second or successive habeas petition if the motion "attacks the federal court's previous resolution of a claim on the merits." Gonzales v. Crosby, 545 U.S. 524, 531-32 (2005).

---

[14] The Court notes that Rule 59(e) is inapplicable as the motion was filed well after the 28 day period expired. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

7

As noted, Petitioner's motion to "amend" his original § 2255 petition seeks to attack this Court's previous denial of his death qualified jury claim as well as this Court's July 28, 1997 Order denying his amended motion to for an extension of time to file a notice of appeal from the Court's March 31, 1997 Order that denied his first habeas petition.[15]  To allow Petitioner to revisit these claims under the guise of a Rule 60(b) motion would frustrate the purpose of § 2244(b)(3) and would allow Petitioner to sidestep the strict gatekeeping and certification requirements of AEDPA.  See Gonzalez, 545 U.S. at 532 (The "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.") (citing § 2244(b)(3)).

Accordingly, the Court construes Petitioner's motion as a successive petition, and because Petitioner did not obtain the statutorily required authorization from the Circuit before filing his petition, the Court cannot entertain the arguments raised therein.  See 28 U.S.C. §§ 2244(b)(3)(A);[16] see also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("Unless the court of appeals grants such permission, the district court may not consider the second or successive petition.").

---

[15]     The Court's July 28, 1997 Order was affirmed by the Third Circuit on December 23, 1998 at Civil Action 92-281.

[16]     "Before a second or successive application permitted by this section is filed in the district court the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

8

The Court further finds that it would not be in the interest of justice[17] to transfer the petition to the Third Circuit pursuant to 28 U.S.C. § 1631, given that Petitioner only seeks to relitigate claims that have already been considered and ruled upon.[18]

## III. CONCLUSION

Accordingly, for the reasons just stated, Petitioner's motion is HEREBY DISMISSED. The Court finds that a certificate of appealability[19] should not issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

s/Alan N. Bloch
United States District Judge

cc/ecf: Counsel of record

Stanton T. Story
42571-066
USP Atlanta
601 McDonough Boulevard, S.E.
Atlanta, GA 30315-0812
PRO SE

---

[17] See Johnson, 313 F.3d at 139 ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

[18] See 28 U.S.C. § 2244 (b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

[19] "A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).